UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YASMINE P.

                Plaintiff,

v.                                        1:20-CV-1428
                                          (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| AMY C. CHAMBERS, ESQ.<br>  Counsel for Plaintiff<br>14 Corporate Woods Boulevard<br>Albany, NY 12211 | |
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | HEETANO SHAMSOONDAR,<br>ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 19.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is granted to the

extent it seeks remand for further proceedings, and the Commissioner's motion is denied.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1990. (T. 112.) She completed the 11th grade. (T. 254.) Generally, Plaintiff's alleged disability consists of rheumatoid arthritis. (T. 114.) Her alleged disability onset date is August 1, 2015. (T. 260.)

### B. Procedural History

On February 7, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 112.)[1] Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On March 4, and again on July 23, 2019, Plaintiff appeared before the ALJ, Mary Mattimore. (T. 33-51, 52-90.) On August 2, 2019, ALJ Mattimore issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-32.) On August 6, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-27.) First, the ALJ found Plaintiff had not engaged in

---

[1] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

substantial gainful activity since February 7, 2017.  (T. 17.)  Second, the ALJ found Plaintiff had the severe impairments of rheumatoid arthritis ("RA"), asthma, and degenerative changes in the left knee.  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id.*)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b); except:

> she can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs.  [Plaintiff] can never climb scaffolds, ladders or ropes.  She can occasionally push and pull bilaterally.  With her right non-dominant hand/upper extremity, she can frequently finger and handle and frequently reach to the front/sides but only to table height and never overhead.  With her left dominant hand/upper extremity, she can occasionally handle, finger, and occasionally reach to the front/sides but only to table height and never reach overhead.  [Plaintiff] cannot tolerate exposure to temperature extremes, wetness or humidity and vibrations.  She cannot tolerate concentrated exposure to fumes, odors, gases, dust or other pulmonary irritants.  She cannot tolerate exposure to hazardous machines.

(T. 18.)[2]  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 25-26.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

---

[2]   Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 416.967(b).

Plaintiff makes three arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ erred in formulating the RFC.  (Dkt. No. 15 at 14-18.)  Second, Plaintiff argues the ALJ failed to properly assess medical opinion evidence.  (*Id.* at 18-23.)  Third, and lastly, Plaintiff argues the ALJ failed to close evidentiary gaps in the record.  (*Id.* at 23-28.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 18.)

### B.     Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues the ALJ properly evaluated the consultative examiner's opinion.  (Dkt. No. 17 at 5-10.)

## III.    RELEVANT LEGAL STANDARD

### B.     Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).  It is not the Court's "function to determine *de novo* whether a plaintiff is disabled."  *Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be

4

drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448. The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

### IV. ANALYSIS

In general, Plaintiff argues the ALJ erred in evaluating the only medical opinion in the record. (Dkt. No. 15 at 14-28.) Specifically, Plaintiff argues the ALJ failed to provide sufficient analysis supporting her determination to afford various limitations different weights and further portions of the opinion were stale. (*Id.*) In addition, Plaintiff argues the ALJ's improper assessment of opinion evidence created "evidentiary gaps" in the record which the ALJ failed to close. (*Id.*) Lastly, Plaintiff argues due to the ALJ's errors in assessing the opinion and failing to close an evidentiary gap, the ALJ's RFC was based on the ALJ's own lay interpretation of medical findings. (*Id.*)

Defendant argues the ALJ properly assessed the medical opinion evidence in the record, the RFC was supported by the record, and Plaintiff failed to prove she had greater limitations. (Dkt. No. 17 at 5-10.) For the reasons outlined herein, remand is necessary for a proper evaluation of opinion and other evidence in the record and overall RFC determination.

In general, the RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 416.927(d)(2). The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id.* §§ 416.927(d), 416.945(a)(3), 416.946(c).

In addition, the ALJ must "evaluate every medical opinion [she] receive[s]". 20 C.F.R. § 416.927(c). Consultative medical sources are qualified to evaluate disability claims and their opinions may constitute substantial evidence if consistent with the record as a whole. *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983.)

Here, consultative examiner David Brauer, M.D., provided the only medical source statement in the record. (T. 303-306.) On September 28, 2016, Dr. Brauer examined Plaintiff. (*Id.*) Plaintiff reported there was a time she was not taking her medications regularly and her symptoms worsened significantly. (T. 303.) However, she informed Dr. Brauer she was currently on her medications and her symptoms were "slightly better." (*Id.*)

In relevant part, Dr. Brauer observed Plaintiff had a normal gait, could walk on heels and toes without difficulty, could squat, had a normal stance, used no assistive devices, needed no help changing for the exam or getting on and off the exam table, and was able to rise from a chair without difficulty. (T. 304.) Dr. Brauer noted full range of motion of elbows. (T. 305.) Dr. Brauer observed Plaintiff's left wrist was swollen and warm to touch and her left hand was swollen and slightly warm and tender to touch. (*Id.*) Plaintiff had full dorsiflexion and palmar flexion in her right side and "0" in her left side. (*Id.*) Plaintiff had full radial deviation and ulnar deviation right side and "0" left side. (*Id.*) Examination of Plaintiff's hands showed right side "full" and left hand swollen and slightly warm and tender to touch. (*Id.*) Plaintiff had full range of motion of hips, knees, and ankles bilaterally. (*Id.*) Plaintiff had no sensory deficits and full strength in her right upper extremity and had 4/5 strength in her left upper extremity. (*Id.*) Plaintiff's hand and finger dexterity was intact on the right but decreased on the left. (T. 306.) Plaintiff's grasp strength was 5/5 on the right and 2/5 on the left. (*Id.*) Plaintiff was unable to zip, button, or tie on the left, but was able to on the right. (*Id.*)

In a medical source statement, Dr. Brauer opined Plaintiff had no limitation in her ability to sit, stand, or walk. (T. 306.) He opined Plaintiff had a "moderate to marked"

7

limitation in her ability to push, pull, lift, or carry heavy objects or to raise objects above her head. (*Id.*) Lastly, he opined Plaintiff had "moderate to marked" limitation in her ability to perform activities that required fine motor activity of her hands, especially her left hand. (*Id.*)

The ALJ afforded various weights to Dr. Brauer's opined limitations. (T. 25.) The ALJ afforded "great weight" to Dr. Brauer's opinion Plaintiff had no limitation in her ability to sit, stand or walk and "moderate to marked" limitations in her ability to push, pull, lift, or carry heavy objects and raise objects above her head. (*Id.*) The ALJ afforded "less weight" to Dr. Brauer's opinion Plaintiff had "moderate to marked" limitations in her ability to perform activities requiring fine motor activity of her hands, especially her left hand. (*Id.*) The ALJ reasoned Dr. Brauer performed a thorough examination of Plaintiff and has program knowledge; however, he only saw Plaintiff on one occasion, and Plaintiff was not always complaint with medication which the record indicated provided "significant symptom relief." (*Id.*)

Here, the ALJ erred in providing a singular reason to support both her adoption and rejection of Dr. Brauer's opined limitations. Although an ALJ may afford various weights to portions of a medical source opinion, the ALJ is still required to provide reasoning to support her various weight determinations. *See My-Lein L. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 100, 104-105 (W.D.N.Y. 2021) (collecting cases) (ALJ need not adopt the entirety of any one medical opinion; however, the ALJ must support determinations with adequate reasoning); *see generally Rice v. Saul*, No. 19-CV-1558L, 2020 WL 6048197, at *4 (W.D.N.Y. Oct. 13, 2020) (ALJ properly adopted only portions of medical opinions and his reasoning for doing so was clear). The ALJ must explain

the bases for her findings with sufficient specificity to permit meaningful review. *Wynn v. Comm'r of Soc. Sec.*, 342 F. Supp. 3d 340, 348 (W.D.N.Y. 2018) (citations omitted); *see Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (remand may be appropriate where inadequacies in the ALJ's analysis frustrate meaningful review).

As outlined above, in support of affording Dr. Brauer's opinion various weights, the ALJ reasoned Dr. Brauer had program knowledge, only examined Plaintiff on one occasion, and Plaintiff received symptom relief when complaint with medication. (T. 25.) It is unclear how these factors supported the less restrictive limitations but not the more restrictive limitations contained in Dr. Brauer's medical source statement. Therefore, the ALJ failed to provide sufficient reasoning to support her various weight determinations and the lack of reasoning frustrates meaningful review.

Further, the ALJ's reasoning cannot be gleaned for the remainder of her decision. *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) ("An ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision."). Although the ALJ's written decision thoroughly and accurately summarized the record, her reasoning for providing various weights to Dr. Brauer's limitations cannot be determined from her written decision. (T. 18-24.)

Plaintiff further argues the ALJ erred in formulating the RFC because she failed to properly explain and account for Dr. Brauer's limitations and the ALJ failed to develop the record by not obtaining an updated medical opinion. (Dkt. No. 15 at 18-23.) Due to the errors in evaluating Dr. Brauer's opinion, the ALJ will also need to make new

9

findings related to Plaintiff's RFC and what other work Plaintiff retains the ability to perform in the national economy.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **<u>DENIED</u>**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: August 26, 2022

_____
William B. Mitchell Carter
U.S. Magistrate Judge